## 10260. PARKER v. THE STATE.

1. Where an indictment charging larceny of seed-cotton alleges joint ownership in two persons, proof that one of them was the landlord and the other his half-cropper is sufficient to establish the allegation of joint ownership, where the undisputed evidence further authorizes a clear inference that the landlord had been fully paid for all advances made to the cropper in the year the crop was raised, and that at the time of the larceny they were each entitled to an undivided half interest in the cotton which was then in the possession of the cropper. Under these circumstances the cropper has such an interest in the cotton as will sustain the allegation as to his joint ownership with his landlord of the stolen property.

2. There is no substantial merit in any of the special grounds of the motion for a new trial.

3. The corpus delicti was sufficiently established.

4. The evidence was sufficient to show that the cotton, which the defendant admitted came into his possession shortly after the theft was committed, was the identical cotton which was the subject-matter of the larceny charged.

5. The evidence was sufficient to authorize the conviction.

DECIDED APRIL 12, 1919. REHEARING DENIED MAY 16, 1919.

Accusation of larceny; from city court of Nashville—Judge Christian. November 30, 1918.

*R. A. Hendricks,* for plaintiff in error.

*J. H. Gary, solicitor, H. L. Jackson,* contra.

BROYLES, P. J. 1. In *Randolph v. State,* 16 *Ga. App.* 328 (85 S. E. 258), the first headnote is as follows: "Where an indictment

charging larceny of seed-cotton alleges joint ownership in two persons, proof that one of them was the landlord and the other was his cropper, but that all advancements made to the cropper by the landlord in the year in which the seed-cotton was raised were fully paid, and that at the time of the larceny they were each entitled to an undivided half interest in the cotton, which was then in the possession of the cropper, would sufficiently sustain the allegation of joint ownership; for while the legal title is vested by law in the landlord until 'he has received his part of the crops so raised, and is fully paid for all advances made to the cropper in the year said crops were made to aid in making the said crops' (Civil Code, § 3706 [3705],), the cropper has such an interest therein as will sustain an allegation as to his joint ownership of the stolen property." In the instant case the indictment charged that the stolen cotton was the property of N. D. Parker and Henry Lynch. Upon the trial the proof showed that the cotton was raised by Henry Lynch and was stolen from the fields, and that Lynch was the half-cropper of N. D. Parker. The undisputed evidence further showed that the defendant, who was a brother of the landlord, subsequently *paid Lynch for one half of the stolen cotton,* stating to Lynch at the time that he had bought the cotton from Perry Crowley, and that if Lynch had lost the cotton he desired to pay *the owner* for it. In addition to this, the undisputed testimony of the *landlord* was that the stolen cotton belonged *to him and Lynch*—his half-cropper, and that on the day following the larceny he went to Perry Crowley and accused him of taking the cotton, and that Crowley admitted it, stating that he had sold it to the defendant, Turner Parker, but that the defendant had not paid him for it; and that he (the landlord) then told Crowley that if he would agree for Turner Parker to *pay him* (the landlord) *and Henry Lynch* the value of the cotton, and would leave the county and State, he would not prosecute him.

Under these circumstances we think the jury were authorized to infer that all advancements made to the cropper by the landlord in the year in which the cotton was raised had been fully paid, and that at the time of the larceny they were each entitled to an undivided half interest in the cotton, which was then in the possession of the cropper. This being true, then, under the ruling in the *Randolph* case, supra, and the authorities there cited, the proof was

sufficient to sustain the allegation as to the joint ownership of the stolen property.

4, 5.  The cotton was stolen from land in the possession of and worked by Henry Lynch, who was the half-cropper of N. D. Parker. It appeared from the testimony of several witnesses for the defense, and from the statement of the defendant to the jury, that on the morning after the alleged larceny the defendant bought some cotton from one Perry Crowley, and that subsequently, on the same day, Crowley admitted to them that he had taken this cotton from the fields of Henry Lynch.  It was also shown that the defendant subsequently paid Lynch for his half interest in this cotton.  This evidence was sufficient to authorize the jury to find that the cotton which was in the defendant's possession and which he claimed was bought from Perry Crowley was the identical cotton which was the subject-matter of the larceny charged.  However, under the evidence in the case, the jury were not compelled to find that this cotton had in fact been honestly bought by the defendant, as he claimed.  It was undisputed in the evidence, and not denied in the defendant's statement, that he *never paid Crowley anything whatever for the cotton,* and never paid Lynch for his interest therein until after Lynch had sworn out a warrant charging him with the theft thereof.  There was further evidence that after the theft of this cotton was discovered the defendant gave Crowley $2 and told him not to stop within 300 miles; and that the defendant carried this cotton to the gin before daylight on the same morning that it was stolen.  Under these facts this court can not say, as a matter of law, that the jury were not authorized to find that the defendant had participated in the theft of the cotton and was guilty as a principal.  In misdemeanor cases there are no accessories, but all who participate in the commission of such an offense are guilty as principals.  Moreover, there was other evidence that the defendant, in a conversation with Crowley (in which he told Crowley that he would give him $2\frac{1}{2}$ cents per pound for all the cotton he *could get for him*), stated that he (Crowley) need not go to Henry Lynch's, for he (the defendant) *had been there.*  The undisputed evidence was that the seed-cotton stolen from Lynch's was worth 8 or 10 cents per pound.  In the light of these and the other facts of the case, there was a fair inference, arising from this testimony, that the defendant's real proposition to Crowley—so understood by both

38

of them—was that he (the defendant) would pay Crowley 2½ cents per pound for all the cotton that Crowley *could steal for him,* and that he told Crowley, in this connection, in effect, that he need not go to Lynch's, for the reason that he (the defendant) had already been there *and stolen Lynch's* cotton. As this confession was corroborated by proof of the corpus delicti, and by proof that the stolen cotton, shortly after the theft, was found in the possession of the defendant; the jury were authorized to find that the defendant was the actual perpetrator of the crime. It is true that the defendant denied making any confession to Crowley about having been to Lynch's, and denied that after the theft was discovered he had given money to Crowley and told him not to stop within 300 miles. It is also true that in these particulars Crowley's testimony was uncorroborated by any other evidence in the case; nevertheless it was within the province of the jury to believe Crowley and to take his unsupported testimony in preference to the other evidence and the defendant's statement. In misdemeanor cases the testimony of an accomplice does not require corroboration. The conviction of the defendant was authorized by the evidence, and, no error of law appearing, this court is without authority to interfere.

*Judgment affirmed. Bloodworth and Stephens, JJ., concur.*